### CARPENTER BROTHERS V. JOHN O'CONNOR ET AL.

1. BANKRUPTCY ACT PASSES PROPERTY OF BANKRUPT TO TRUSTEEE IN BANK-RUPTCY.

The bankrupt law passes the title of the property of the bankrupt to the trustee in bankruptcy as from the date he is declared a bankrupt. The property must go there to be administered upon and plaintiff in the state court (in foreclosure in case at bar) must seek relief in the bankruptcy court, which has exclusive jurisdiction and which alone can furnish the relief to which both parties are entitled.

2. EFFECT OF SAID LAW IS TO STAY ALL PROCEEDINGS IN STATE COURTS.

The effect of said bankruptcy law is to stay all proceedings in the state court after the filing of the petition in bankruptcy until the same has been adjudicated. The appointment of a receiver by the state court, after the filing of such petition, would, therefore, be irregular.

3. PLAINTIFF IN STATE COURT CANNOT RECOVER COSTS OR INTEREST AFTER PETITION IN BANKRUPTCY IS FILED.

Plaintiff in the state court cannot, therefore, obtain judgment against the defendant for any costs made after the petition in bankruptcy is filed, nor can he obtain judgment in the state court for any interest upon his claim accruing thereafter.

4. COSTS TO DATE OF FILING MAY BE PAID AND PRESENTED TO TRUSTEE.

Such plaintiff may pay the costs in the state court which he has rightfully made in the prosecution of his claim against the bankrupt in that court, to date of filing the petition in bankruptcy, and present them to the trustee in bankruptcy to be allowed as a proper claim against the assets in the bankruptcy court.

ERROR to the Court of Common Pleas of Darke county.

WILSON, J.

This was an action in the court below brought by Carpenter Bros. to obtain a judgment upon a promissory note and foreclosure of a chattel mortgage ; also to marshal liens against the defendant O'Connor's property.

The petition in the common pleas court was filed on September 10th. On September 12th, following John O'Connor filed his petition in voluntary bankruptcy in the United States district court. On September 14th thereafter the plaintiff, Carpenter Bros., filed a motion with due notice to the parties interested for the appointment of a receiver in the action pending in the common pleas court. On September 19th, an adjudication was had upon the petition in bankruptcy, and the defendant O'Connor was declared a bankrupt. On the first of October following, the motion for the appointment of the receiver came on to be heard in the state court, and the receiver was appointed. On October 3d a trustee in bankruptcy qualified in the bankruptcy court. A motion was then made by the trustee in the case in the state court to have the property of the bankrupt turned over to him. This motion was sustained, and the action of the court in sustaining the motion is assigned for error.

Under the constitution of the United States, congress is vested with plenary power to enact a banrupt law. There is but one limitation upon

the power of congress in that behalf, and that is, that the law shall be uniform.

The law in question is not attacked in this case for want of uniformity. There is, in our opinion, no constitutional question raised in this case.

The parties are simply seeking the interpretation of the statute to which, when correctly interpreted, they must yield, for no other reason than that it is thus written in the law.

It is not a case in which there is conflict of jurisdiction as between courts of co-ordinate powers where you are called upon to determine which shall have possession of the property. The court in bankruptcy has exclusive jurisdiction to take and administer the assets of the bankrupt—pay his debts in so far as the assets will pay them, and discharge him if he is entitled to a discharge from further payment.

The state court cannot do this. It cannot determine, at the outset, whether or not the defendant is a bankrupt, nor can it discharge him from the further payment of his debts after his property has been exhausted. So that it is a mistaken idea to say that the state court in bankruptcy are co-ordinate courts, each having jurisdiction over this subject matter. The state court has nothing to do with the proceedings in bankruptcy.

The order of procedure in this case should be under the statute as follows: When the petition in bankruptcy was filed by the defendant, all proceedings in the state court should stop. In other words, in the language of the Bankrupt Act as contained in section eleven, "The proceedings shall be stayed." This is mandatory. The state court has no right to proceed further in an action there pending until the petition in bankruptcy has been adjudicated. When that has been done, the case may be further stayed in the state court at its discretion. But whether it is stayed or not, the plaintiff in the state court cannot obtain judgment against the defendant for any costs made after the petition in bankruptcy is filed, nor can he obtain judgment in the state court for any interest upon his claim accruing thereafter. The running of the claim and all costs incident to the procuring of a judgment against the claimant are arrested at once upon the filing of the petition in bankruptcy, and if the defendant is declared a bankrupt, the plaintiff in the state court is entitled to receive only his claim with interest and costs to that date. He may pay the costs in the state court, which he rightfully made in the prosecution of his claim against the bankrupt in that court, and present them to the trustee in bankruptcy to be allowed as a proper claim against the assets in the bankrupt court. His rights are protected in the same degree in so far as the exemptions under the homestead and other laws are concerned. The state laws govern entirely in the bankrupt court in that regard. If under the laws of the state the plaintiff's claim precludes the allowance of a homestead or other exemption, so will it when it is presented to the trustee in bankruptcy, and all of the property of the bankrupt which is not exempt under the laws of the state from the claim of the plaintiff, must be turned over to the trustee in bankruptcy and administered upon by him.

The plaintiff may go on, the common pleas court not having seen fit to further stay proceedings in that court, and reduce his claim to judgment. But it will be at his own cost in that court after, and he will be entitled to interest only to the date of filing the petition in bankruptcy. after he has reduced his claim to judgment, he must present it

Carpenter Brothers v. O'Conner et al.

to the trustee in bankruptcy and have it there allowed and paid out of the assets in the hands of the trustee in that court in the order of its priority.

This is so because the bankrupt law passes the title of the property of the bankrupt to the trustee in bankruptcy, as from the date he is declared a bankrupt. There is no alternative to this propsition. The property must go there to be administered upon, and the plaintiff in the covrt must seek relief in that court, which has exclusive jurisdiction in bankruptcy and which alone can furnish the relief to which both parties are entitled.

With this view of the law we are of the opinion that the court did not err in ordering that this property be turned over to the trustee in bankruptcy. He was entitled to come into court for the purpose of claiming the property. He may, indeed, come into that court, and, as trustee in bankruptcy, contest the claim of the plaintiff in the state court, or it may be contested in the bankruptcy court. So that the rights of the parties will all be preserved by the procedure which has been followed by the court thus far.

The appointment of the receiver was irregular, because the United States bankruptcy act by its terms stays all proceedings after the filing of the petition in bankruptcy until the same has been adjudicated. The application for the appointment of a receiver was made between the filing of the petition in bankruptcy and the adjudication on that petition, and the proceedings under the motion were unauthorized.

But in as much as the court has taken the property from the receiver and given it to the trustee in bankruptcy, the receiver is *functus officio*, and that error is not prejudicial at the present stage of the case. Therefore we grant no relief to the defendant in error on his cross-petition in error.

Judgment accordingly.